*E-Filed 5/31/13*

**United States District Court**
**For the Northern District of California**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

DAVID CHANCE,

    Plaintiff,

    v.

MATTHEW L. CATE, et al.,

    Defendants.
_____/

No. C 11-4279 RS (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

    Plaintiff was ordered to amend his complaint so as to include only those claims related to a June 6, 2007 mail stoppage. In direct disregard of this Court's order, he has alleged claims relating to other acts occurring at other times.

    Accordingly, plaintiff's complaint is again DISMISSED with leave to amend. In this complaint, he may allege claims relating to events that occurred in 2007. Any claims relating to events occurring after 2007 will be summarily DISMISSED **with prejudice** for failure to adhere to the Court's order. If plaintiff wishes to pursue claims relating to events after 2007, he must file a **separate** civil rights action. Again, plaintiff may **not** raise in his amended complaint any claims relating to actions occurring after 2007.

Plaintiff shall file an amended complaint on or before July 15, 2013. The second amended complaint must include the caption and civil case number used in this order (11-4279 RS (PR)) and the words SECOND AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Here, however, plaintiff is limited to claims and defendants related to events occurring in 2007, and at no other time. Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action **with prejudice** for directly disregarding the Court's instructions.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b). Defendants' motion to screen plaintiff's amended complaint (Docket No. 64) is GRANTED. The Clerk shall terminate Docket No. 64.

**IT IS SO ORDERED**.

DATED May 31, 2013

RICHARD SEEBORG
United States District Judge